UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY WIMBERLY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 10-CV-3308 |
| ) | |
| DR. OBAISI, et al., ) | |
|     Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

In 2001, Plaintiff fell while detained in the Cook County Jail, injuring his ankle. Plaintiff had surgery on the ankle while still detained by the Jail. Unfortunately that surgery did not go well, according to Plaintiff, and he was purportedly told by a doctor that he should wear special socks and an ankle brace to hold his ankle bones properly in place. The brace that was issued by the Cook County Jail appears to be some sort of Neoprene brace. (Pl.'s Resp., Ex. B, d/e 32, p. 6.)

Plaintiff testified in his deposition that every IDOC prison to which he was transferred after Cook County allowed him to wear the sock and brace, until he arrived at Logan Correctional Center on August 6, 2008. That day, a nurse at Logan Correctional Center confiscated the brace, telling Plaintiff that Plaintiff

1

must obtain Dr. Obaisi's approval to keep the brace. When Plaintiff saw Dr. Obaisi two days later, Dr. Obaisi purportedly denied Plaintiff's request to wear the brace. (Pl.'s Dep. pp. 11-13). Whether the therapeutic sock was discussed is not clear. Plaintiff transferred out of Logan to Big Muddy Correctional Center on October 9, 2010, where he apparently still has no brace. Plaintiff maintains that his inability to wear the brace caused further injury to his ankle and unnecessary pain and suffering.

In November, 2010, Plaintiff filed this case against Dr. Obaisi, Wexford Health Sources, Inc., and other unidentified persons. His claims are based on Dr. Obaisi's refusal to authorize the brace and therapeutic sock, failure to provide corrective surgery, failure to provide effective pain relief, and failure to treat Plaintiff's sciatica. (Complaint, d/e 1, pp. 5-7.)

Before the Court is Defendants' motion for summary judgment. According to Dr. Obaisi, Plaintiff did not have an ankle brace upon his entry to Logan Correctional Center, no indications existed in the medical records that a brace had been ordered, and Plaintiff never requested an ankle brace or any other treatment for his ankle. Dr. Obaisi further avers that, based on his medical judgment, Plaintiff had no medical need for a brace or therapeutic socks. (Dr. Obaisi Aff. ¶¶ 13-21.)

Plaintiff counters that he asked Dr. Obaisi repeatedly for his brace and submitted many health care request slips. Plaintiff apparently did not keep or no longer has a record of those requests. (Pl.'s Dep. p. 17.) The Court's review of computerized records uncovers that Plaintiff filed a complaint in 2004 in the Northern District of Illinois regarding the failure of Stateville Correctional Center to assign him to a low gallery because of his ankle, causing him to sustain injuries from a fall. Wimberly v. Stateville Correctional Center, 04-CV-04355 (N.D. Ill.). Attached to that Complaint are medical records and a radiology report from May 2002 which appear to indicate that Plaintiff was wearing a "special sock" at that time and that one of the screws in Plaintiff's ankle had come loose. The Complaint will be attached to this order for the parties' review. One of Plaintiff's exhibits submitted in this case also indicates that he had a brace and a cane in 2002. (5/10/02 Medical Record, d/e 32, p. 5.) These records do not mean that Dr. Obaisi knew Plaintiff needed any treatment for his ankle in 2008, or that Plaintiff still was wearing the brace in 2008 or even asked for treatment in 2008. But, the records do tend to corroborate some of Plaintiff's testimony. On the other hand, Plaintiff has not submitted any evidence that the brace was actually ordered by a doctor during Plaintiff's incarceration in the IDOC. Nor does he appear to have any evidence that he had a medical need for the brace.

Upon careful review of Defendants' motion, the Court concludes that more information is necessary to determine whether any material factual disputes exist for trial.  For example, Defendants do not attach all of Plaintiff's medical records from Logan.  Nor is Plaintiff's grievance in the record.  Additionally, Defendants do not address what happens to inmate health care requests slips or whether they have a record of Plaintiff's health care request slips and the prison's response.  Plaintiff, for his part, makes no attempts to give more detail on his efforts to obtain the brace and other treatments for his ankle.  Lastly, the parties do not address Plaintiff's other allegations regarding pain medicine, surgery, physical therapy, and treatment for sciatica.  Accordingly, Defendants' motion will be denied with leave to renew.

IT IS THEREFORE ORDERED:

1) Defendants' motion for summary judgment is denied (d/e 22).

2) By September 28, 2012, Defendants are directed to file a supplemental summary judgment motion which shall include: Plaintiff's complete medical records from December 1, 2006 to October 31, 2010; Plaintiff grievance(s) filed regarding his ankle, including all responses; an affidavit addressing how inmate requests for health care treatment are handled and recorded; and, a copy of all

requests for health care filed by Plaintiff during his incarceration at Logan Correctional Center and the responses thereto. In order to keep the case moving, final pretrial and trial dates will be set. Those dates will be cancelled if Defendants' supplemental motion for summary judgment is granted.

3) The "unknown" defendants are dismissed without prejudice for Plaintiff's failure to timely identify them.

4) A final pretrial conference is scheduled for March 25, 2013 at 2:45 p.m.. Defense counsel shall appear in person. Plaintiff shall appear by video conference. The parties are directed to submit an agreed, proposed final pretrial order at least fourteen days before the final pretrial conference. Defendants bear the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial conference. *See* CD-IL Local Rule 16.3.[1]

5) The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether the witness will appear in person or by video conference. Nonparty witnesses who are incarcerated in the IDOC will testify by video. Other nonparty witnesses may appear by video at the Court's

---

[1]The Local Rules are listed on this District's website: www.ilcd.uscourts.gov. A sample pretrial order is attached to those rules.

discretion.  The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought.  The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees.  Fed. R. Civ. P. 45.

6) The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial conference, for discussion at the final pretrial conference.  Proposed additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference.  The jury instructions, statement of the case, and voir dire questions will be finalized at the final pretrial conference, to the extent possible.

7) By five business days before the final pretrial conference, the parties must file copies of all exhibits which they may seek to introduce at the trial, and a list of those exhibits.  The exhibits should be marked.  For example, Plaintiff should mark his exhibits as "Plaintiff's Ex. 1," "Plaintiff's Ex. 2," etc., for easy reference.  The list of exhibits should list the number of the exhibit and a short description (for example, Plaintiff's Ex. 1: xray dated 1/24/02).

8) Motions in limine are to be filed by March 11, 2013.

9)  The clerk is directed to issue a writ to secure the plaintiff's appearance at the final pretrial conference.

10) The jury selection and trial is scheduled for April 2, 2013 on the Court's trailing trial calendar. The actual date for the trial will be determined at the final pretrial conference.

11) After the final pretrial order is entered, the Clerk is directed to issue the appropriate process to secure the personal appearance of Plaintiff at the trial and the video appearances of the video witnesses at the trial.

ENTERED: 9/05/2012

FOR THE COURT:

                                                **s/Sue E. Myerscough**
                                                SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE